**MODERN SETTINGS, INC., and Binder & Binder, as attorneys for Modern Settings, Inc., Plaintiffs,**

**v.**

**PRUDENTIAL–BACHE SECURITIES, INC., Prudential-Bache Metal Co. Inc., Gary Adornato, Felix McCarthy, Richard Berlin and Fredric Wasserspring, Defendants.**

**No. 83 Civ. 6291 (RLC).**

United States District Court, S.D. New York.

Jan. 8, 1986.

---

Jaffe and Asher, New York City, for plaintiffs; Peter A. Jaffe, Ira N. Glauber, of counsel.

Dewey, Ballantine, Bushby, Palmer & Wood, New York City, for Prudential-Bache defendants; John M. Friedman, Jr., Scott M. Univer, Debra A. Hochman, of counsel.

## OPINION

ROBERT L. CARTER, District Judge.

In light of the Supreme Court's reversal of the Second Circuit Court of Appeals in *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), plaintiffs seek to reinstate a claim brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* that this court dismissed on February 27, 1985. The facts have already been discussed in the court's previous two opinions published at 602 F.Supp. 511 (S.D.N.Y.1984) and 603 F.Supp. 370 (S.D.N.Y.1985). Familiarity with those opinions is assumed.

Plaintiff Modern Settings, Inc. ("Modern Settings"), a manufacturer of gold jewelry, maintained a securities account at Prudential-Bache Securities, Inc. ("Pru-Bache"). Gary Adornato, an account executive, handled the account, first out of Pru-Bache's office at 2 Penn Plaza, New York City, and, after May, 1983, out of Pru-Bache's Melville, New York office. Defendants McCarthy and Berlin were, respectively, managers of the Melville and Penn Plaza branches of Pru-Bache. Defendant Wasserspring was the Executive Vice-President of Prudential-Bache Metal Co. Inc. ("Pru-Bache Metal"), a subsidiary of Pru-Bache with which Modern Settings had signed a "Gold Consignment Agreement." The Pru-Bache

securities account served as collateral for gold received pursuant to that agreement.

Two securities fraud claims survive the previous motions to dismiss.[1] The first arises from Adornato's purportedly unauthorized trading in Coleco options in July, 1983. The second arises from the liquidation of Modern Settings' account in August, 1983. Pru-Bache abruptly informed Modern Settings that the account was under-margined and immediately sold all of Modern Settings' holdings. The court's opinion of February 27, 1985, held plaintiffs had stated securities law violations as to at least some of those sales.

*Discussion*

██ § 1962(c) of RICO creates a civil cause of action where the plaintiff alleges (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima,* —— U.S. at ——, 105 S.Ct. at 3285. A pattern of racketeering activity "requires at least two acts" of racketeering; racketeering itself is defined with reference to a list of enumerated offenses. 18 U.S.C. § 1961(5). This court's February 27 opinion dismissed the RICO count because plaintiffs failed to allege that the defendants had been *convicted* of the predicate offenses, 603 F.Supp. at 375, an allegation required at that time by the Second Circuit's decision in *Sedima, S.P.R.L. v. Imrex Co.,* 741 F.2d 482 (2d Cir.1984), *rev'd,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). We were silent as to whether any of the other requisites of a civil RICO claim had been met. The Supreme Court's subsequent reversal of the *Sedima* decision nullifies the conviction requirement. 105 S.Ct. at 3284. In order to reinstate the RICO claim we must now determine whether plaintiffs' allegations satisfy the statute's remaining requirements as to each of the defendants.

### A. *Pru-Bache and Pru-Bache Metal*

██ Plaintiffs allege that "the corporate defendants are enterprises engaged in interstate commerce" and that their activi-

---

1. A libel claim also remains. That claim is not relevant to the determination of this motion

because libel is not one of the enumerated predicate offenses under RICO. 18 U.S.C. § 1961(1).

ties "constitute a pattern of racketeering activity in violation of 18 U.S.C. § 1962." Complaint ¶ 78. Although plaintiffs do not specify which subsection of § 1962 has been violated, § 1962(c) is the only applicable provision.[2] That section requires three distinct elements: (1) a person who incurs liability; (2) an enterprise; and (3) a pattern of racketeering activity. "Person" can include a corporate entity, 18 U.S.C. § 1961(3); however, a corporation cannot be both the liable person and the enterprise conducting racketeering activity under § 1962(c). *Bennett v. U.S. Trust Co.*, 770 F.2d 308, 315 (2d Cir.1985). In *Bennett,* the Second Circuit affirmed the dismissal of a RICO claim brought against a single corporate defendant. Plaintiff attempts to distinguish *Bennett* by claiming that where a corporation is charged with a RICO violation along with its employees, the corporation can be both the RICO enterprise and the liable person.

This distinction must be rejected. Nothing in the language of *Bennett* supports or suggests such a restriction. The *Bennett* court's brief discussion of this highly abstract issue relied on several decisions from other circuits—notably the Seventh Circuit's carefully-reasoned opinion in *Haroco, Inc., v. American National Bank & Trust Co.*, 747 F.2d 384 (7th Cir.1984), *aff'd on other grounds,* —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985) (*per curiam*)—that held that a corporation could not be both a liable person and a RICO enterprise in cases in which the employees had also been charged with liability. *See, e.g., Rae v. Union Bank,* 725 F.2d 478 (9th Cir.1984) (bank charged along with several of its employees), *Bennett v. Berg,* 685 F.2d 1053, 1061, (8th Cir.) *aff'd in pertinent part* 710 F.2d 1361 (8th Cir.1982) (*en banc*), *cert. denied,* 464 U.S. 1008, 104 S.Ct.

527, 78 L.Ed.2d 710 (1983) (corporation charged along with its president, officers, directors, employees and other controlled corporations), *U.S. v. Computer Sciences Corp.*, 689 F.2d 1181 (4th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983) (corporation charged along with six employees). *Haroco* concludes that although an enterprise may be a liable person under § 1962(a), the language and the legislative history of the statute bar such a reading of § 1962(c). *Haroco,* 747 F.2d at 402. Essentially, a corporate enterprise should be liable under RICO only if it is alleged to be a perpetrator of RICO violations. Plaintiffs do not claim that Pru-Bache or Pru-Bache Metal committed any predicate RICO offenses; rather, they are said to be liable "because they are responsible for the acts of their employees." Plaintiffs' Reply Memorandum at 5.[3] Thus, they are appropriately considered as RICO enterprises and not as liable persons. The motion to reinstate the RICO claim is denied as to defendants Pru-Bache and Pru-Bache Metal.

### B. Adornato

■ Adornato has not opposed reinstatement of the RICO claim. The complaint charges him with violating securities laws in association with both the Coleco options transactions and the malicious liquidation. The statutory minimum of two predicate offenses is therefore met. The court is satisfied that a pattern of racketeering activity has been shown. The motion is granted as to Adornato; the RICO claim is reinstated against him.

### C. Berlin

■ Berlin was the branch manager supervising Modern Settings' account until May, 1983 when the account was transfer-

---

**2.** That section prohibits:

any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

**3.** Plaintiffs present another argument: that Pru-Bache Metal is the enterprise and Pru-Bache is the liable person. Yet the complaint clearly charges *both* as RICO enterprises. Complaint ¶ 78. We cannot accept arguments that counter the factual allegations plaintiffs themselves assert.

red. Both fraud claims arose after the transfer. Berlin is not alleged to have participated in either the Coleco trades or the malicious liquidation. No predicate offenses have been charged against him; thus, no RICO claim is reinstated against him. The motion is denied as to Berlin.

### D. Wasserspring and McCarthy

 Both Wasserspring and McCarthy are alleged to have participated in the malicious liquidation. Plaintiffs insist that this liquidation—consisting of the sale of various government-backed mortgage instruments and other securities—constitutes a "pattern of racketeering activity," we have no difficulty in finding that this single episode of fraud, decried by plaintiffs for its very hastiness, is no pattern. Each of the multiple sales involved in the liquidation may indeed violate the securities laws; however, each is but part of a single transaction.

The Supreme Court has noted that while two acts may be necessary for RICO liability, they may not be sufficient. The Court cited RICO's legislative history to elucidate the meaning of a "pattern of racketeering activity": "[t]he infiltration of legitimate business requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern." *Sedima,* —— U.S. at —— n. 14, 105 S.Ct. at 3285 n. 14, *citing* S.Rep. No. 91–617 at 158 (1969) (emphasis in opinion). Continuity is lacking here. There is no pattern of racketeering activity in the liquidation alone, regardless of the number of sales required to consummate it.

This conclusion is supported by decisions in several other district courts that, in light of *Sedima's* admonition, have stringently interpreted the "pattern" requirement. *See, e.g., Allington v. Carpenter,* 619 F.Supp. 474, 478 (C.D.Cal.1985) ("To show continuity of racketeering activity ... the predicate acts must have occurred in different criminal episodes"), *Professional Assets Management, Inc. v. Penn Square*

*Bank, N.A.,* 616 F.Supp. 1418, 1421 (W.D. Okl.1985) (a "single unified transaction," though consisting of several "constituent actions," is not a pattern), *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828, 831 (N.D.Ill.1985) (pattern means "repeated criminal *activity*, not merely repeated *acts* to carry out the *same* criminal activity"). *But see R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985) (two acts of mail fraud committed five months apart, though part of a single fraudulent scheme, constitute pattern). The liquidation of Modern Settings' account is just one episode. The motion is denied as to defendants Wasserspring and McCarthy.

IT IS SO ORDERED.