**FRANKART DISTRIBUTORS, INC., Plaintiff,**

v.

**RMR ADVERTISING, INC., Robert Roth and Arnold Socher, Defendants.**

No. 85 Civ. 5110 (CHT).

United States District Court, S.D. New York.

April 7, 1986.

Stempler, Cobrin & Godsberg, P.C., New York City, for plaintiff; Ellen Rothstein, of counsel.

David S. Dubin, Cooper, Cohen, Singer, Ecker & Shainswit, New York City, for

---

defendants; David S. Dubin, Seymour Shainswit, of counsel.

TENNEY, District Judge.

This action arises out of a 1982 contract between the plaintiff, Frankart Distributors, Inc. ("Frankart"), and the defendant, RMR Advertising, Inc. ("RMR"). The plaintiff contends that the defendants failed to act in accordance with the terms of the contract and attempted to defraud the plaintiff by overcharging for the services rendered.

The amended complaint alleges violations of the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961, et seq. The defendants now move to dismiss the amended complaint for failing to allege a "pattern of racketeering activity" as defined in *Sedima, S.P.R.L. v. Imres Company, Inc.,* — U.S. —, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), and its progeny. For the reasons set forth below, the defendants' motion to dismiss is granted.[1]

## BACKGROUND

In 1982, the plaintiff entered into an agreement with the defendant, RMR, pursuant to which RMR agreed to secure certain radio and television advertising time for the plaintiff. The contract provided that the advertisements would be aired between June and December of 1982. The contract was signed by the defendant, Arnie Socher, the Executive Vice President of RMR.

It is undisputed that hundreds of advertisements were aired pursuant to the contract. The plaintiff contends, however, that the defendants failed to act in accordance with the terms of the contract, and overcharged the plaintiff by billing for certain time periods which were not the actual time periods during which the advertise-

ments were run.[2] For example, the plaintiffs claim that the defendants repeatedly charged for an advertising time slot between 5 p.m. and 8 p.m., but only provided a time slot between 5 p.m. and 7:30 p.m.

The amended complaint alleges that the defendants violated the RICO statute by engaging in a scheme to defraud the plaintiff. The amended complaint also states that the defendants mailed fraudulent invoices to the plaintiff, which constituted mail fraud under 18 U.S.C. § 1341.

## DISCUSSION

■ In order to be liable in a civil matter under the RICO statute, a defendant must (1) participate (2) in the affairs of an "enterprise" (3) through a "pattern" of (4) "racketeering activity." Under 18 U.S.C. § 1961(5), a "pattern of racketeering activity" includes at least two acts of racketeering activity, and "racketeering activity" is defined in § 1961 as any act, including mail or wire fraud, which is "indictable" under certain enumerated federal criminal statutes.

In the case at bar, the plaintiff contends that by repeatedly sending fraudulent invoices concerning the advertisements at issue here, the defendants engaged in numerous acts of mail fraud. The plaintiff argues that, because at least two predicate acts of mail fraud have been alleged, the statutory definition of "pattern" has been met, and, therefore, the motion to dismiss must be denied. The Court disagrees.

In *Sedima,* 105 S.Ct. 3275, the Supreme Court indicated that the existence of two predicate acts is not sufficient to constitute a pattern; something more is needed. The Court recognized that there has been an "increasing divergence" between the manner in which RICO is used in civil cases and the "original conception of its enactors."

---

1. The defendants also move to dismiss the action pursuant to Fed.R.Civ.P. 9(b), and, alternatively, to suspend the action pending resolution of a related case currently being litigated in state court. The Court does not reach these issues in light of the decision to dismiss the action.

2. In 1984, RMR instituted an action against Frankart in the state court seeking payment for the advertisements placed for Frankart. Frankart asserted fraud as an affirmative defense. That action is currently pending.

**1200**

*Id.* at 3287. The instant case, which is essentially a breach of contract action, is a classic example of that type of divergence, and it would be inappropriate to impose liability under the RICO statute in such a case.

The Supreme Court stated that this problem has arisen, at least in part, because Congress and the courts have failed "to develop a meaningful concept of 'pattern.'" *Id.* The Court stated that although the statutory definition requires "at least two acts of racketeering activity," it would be a mistake to assume that allegations of any two acts are therefore sufficient. The Court quoted RICO's legislative history, which indicates that RICO requires not only more than one "racketeering activity," it also requires "the threat of continuing activity." 105 S.Ct. at 3285 n. 14 (citing S.Rep. 91–617, 91st Cong., 1st Sess. 158). Thus, it is the "factor of *continuity plus relationship* which combines to produce a pattern." *Id.*

■ Numerous post-*Sedima* cases have struggled with establishing a definition of a "pattern of racketeering activity" in light of the Supreme Court's reasoning and the clear objectives of the RICO statute. In wrestling with this issue, the general consensus among the courts has been that *Sedima*'s "continuity" element requires that the predicate racketeering acts alleged in the complaint must have occurred in different criminal episodes.[3] Thus, a single

unlawful transaction does not give rise to a civil RICO claim, even if the transaction was accomplished through a number of constituent offenses, such as multiple mailings. *See Allington v. Carpenter,* 619 F.Supp. 474, 478 (D.C.Cal.1985) ("[A] 'pattern' of racketeering activity must include racketeering acts sufficiently unconnected in time or substance to warrant consideration as separate criminal episodes."); *Kredietbank, N.V. v. Joyce Morris, Inc.,* Civ. No. 84–1903, slip op. (D.N.J. Oct. 11, 1985) ("A series of fraudulent mailings did not constitute a 'pattern of racketeering activity under [the] *Sedima* standard where mailings were all aimed at implementing a single fraudulent scheme.'"); *Medical Emergency Service Assoc. (MESA) S.C. v. Foulke,* Civ. No. 85–4604 (SG), slip op. (N.D.Ill., Jan. 7, 1986) [Available on WESTLAW, IL database] ("Multiple mailings in furtherance of a single criminal episode are insufficient to allege a pattern of racketeering under § 1961.").[4]

The requirement that there be more than one criminal episode in order to assert a civil RICO claim is consistent with the ordinary use of the term "pattern" which implies the existence of multiple events. Indeed, the term pattern "presumes repeated criminal *activity,* not merely repeated *acts* to carry out the *same* criminal activity." *Northern Trust Bank/O'Hare, N.A. v. Inryco Co., Inc.,* 615 F.Supp. 828, 831 (N.D. Ill.1985) (emphasis added).[5] Moreover, this

---

**3.** *See Superior Oil Co. v. Fulmer,* 785 F.2d 252 (8th Cir.1986); *Soper v. Simmons Int'l, Ltd.,* 632 F.Supp. 244, (S.D.N.Y. 1986); *Modern Settings v. Prudential-Bache Sec., Inc.,* 629 F.Supp. 860 (S.D.N.Y.1986) [Available on WESTLAW, NY database]. In *Sedima,* the Supreme Court essentially rejected the definition of "pattern" that had previously been applied by the Second Circuit. *See United States v. Parness,* 503 F.2d 430, 441–42 (2d Cir.1974), *cert. denied,* 419 U.S. 1105, 95 S.Ct. 775, 42 L.Ed.2d 801 (1975). As one court observed, the "enhancement of the 'continuity' aspect of the pattern requirement casts doubt on the continued validity of cases which carve one criminal episode into multiple predicate act 'pieces.'" *Rush v. Oppenheimer & Co.,* 628 F.Supp. 1188 (S.D.N.Y.1986).

**4.** Not all of the courts that have considered the issue have adopted this reasoning. *See, e.g.,*

*R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985); *Conan Properties, Inc. v. Mattel, Inc.,* 619 F.Supp. 1167 (S.D.N.Y.1985). It was held in both of these cases that any two related predicate acts committed as part of a single fraudulent transaction constitute a pattern.

**5.** The court held in *Inryco* that although the plaintiffs had alleged at least two acts of mail fraud, there was only a single illegal transaction involving kickbacks and, therefore, the plaintiffs had failed to establish a pattern of racketeering activity. *See also Soper v. Simmons Int'l,* 632 F.Supp. 244 (S.D.N.Y. 1986) (The acts alleged by plaintiff as predicate acts do not meet [*Sedima's*] requirements of a 'pattern' [because] they are merely 'ministerial acts performed in the execution of a single (allegedly) fraudulent scheme [.]'") (quoting *Graham v. Slaughter,* 624 F.Supp. 222 (N.D.Ill.1985)).

construction of the pattern requirement is the only construction that effectuates Congress' intent to avoid imposition of RICO liability where there have been only isolated or sporadic criminal acts.[6] Justice Powell observed in his dissent in *Sedima* that "[b]y construing 'pattern' to focus on the manner in which the crime was perpetuated, courts could go a long way toward limiting the reach of the statute to its intended target—organized crime." 105 S.Ct. at 3289.

As one court noted, "[m]ost substantial business transactions involve two or more uses of the mail during negotiations. To hold that two such [acts, which violate the mail fraud statute] are sufficient to constitute a 'pattern of racketeering activity' would be to sweep into federal courts, under RICO, the great majority of actions for fraud in commercial transactions." *Medallion T.V. Enterprises, Inc. v. SelecTV, Inc.*, 627 F.Supp. 1290 (C.D.Cal.1986). Indeed, the instant action presents just such a case.

■ The real issue in the case at bar is whether the defendants performed in accordance with the terms of the 1982 contract or whether they attempted to overcharge the plaintiff for goods and services rendered under the contract. The case revolves entirely around a single contract, which was to be performed within a limited period of time.

The case at bar is similar to *Professional Assets Management, Inc. v. Penn Square Bank, N.A.*, 616 F.Supp. 1418 (W.D.Okl. 1985), in which the court refused to permit a RICO claim based on multiple acts of mail and wire fraud. The plaintiff in *Professional Assets* alleged that the predicate acts of mail and wire fraud had occurred in connection with the preparation and issuance of an audit of Penn Square Bank. The court held that the audit constituted a single transaction, and the alleged acts of mail and wire fraud were "merely constituents of a single unified activity." *Id.* at 1421. This is precisely the situation which exists in the instant case. The acts of mail fraud alleged in the amended complaint were all part of the same transaction.

Although the plaintiff has alleged the necessary predicate offenses (multiple acts of mail fraud), the plaintiff has failed to allege any threat of continuing activity. There is a distinct and easily defined beginning and end to the transaction at issue here, and all of the alleged predicate offenses, the multiple mailings, are merely part of this single transaction. Any fraud surrounding the performance of the contract must be viewed as a single criminal episode. Furthermore, although there were numerous mailings in connection with the contract, those mailings did not result in separate injuries. In light of this, it would be inappropriate to find a pattern of racketeering or to impose liability under the RICO statute.

Applying *Sedima* and its progeny, the Court concludes that the mailings in this case were in furtherance of a single transaction, and are insufficient to constitute a pattern of racketeering. Accordingly, the defendants' motion to dismiss is granted.

So ordered.

---

6. *See* ABA Section of Corporation, Banking & Business Law, Report of the Ad Hoc Civil RICO Task Force 203–08 (1985) ("The pattern requirement was intended as a means of limiting RICO to those cases where the required predicate offenses were committed in a manner which characterizes the perpetrator as a person who commonly commits such crimes. Only by requiring multiple predicate offenses occurring in two or more separate criminal episodes, can this goal be achieved in the RICO statute.") (quoted with approval in *Medallion T.V. Enterprises, Inc. v. SelecTV, Inc.*, 627 F.Supp. 1290 (C.D.Cal.1986)).