Anthony D. CEFALI, Guy E. Gibson, C. David Hillock, Richard D. Pinke, Salvatore J. Tornabene, and William J. Sivakoff, Plaintiffs,

v.

BUFFALO BRASS COMPANY, INC., American Brass Company, L.P., and Atlantic Richfield Company, Inc., Defendants.

No. CIV–86–157C.

United States District Court, W.D. New York.

Oct. 3, 1986.

---

Willard M. Pottle, Jr., Buffalo, N.Y., for plaintiffs.

Baker & Hostetler (John H. Wilharm, Jr., and Wayne C. Dabb, Jr., of counsel), Cleveland, Ohio, for defendants Buffalo Brass Co., Inc., and American Brass, L.P.

Phillips, Lytle, Hitchcock, Blaine & Huber (Alexander C. Cordes, of counsel), Buffalo, N.Y., for defendant Atlantic Richfield Co., Inc.

CURTIN, Chief Judge.

The six plaintiffs in this case are former employees of defendant Atlantic Richfield Company, Inc. [Arco], who briefly became employees of defendant American Brass Company, L.P. [ABC][1] when Arco's Metals Division was sold to ABC. ABC discharged the plaintiffs a few days after the sale.

Plaintiffs seek to allege two causes of action. Plaintiffs' first claim asserts that defendants violated the Racketeer Influenced and Corrupt Organization Act [RICO], 18 U.S.C. § 1961, *et seq.* by engaging in actions, partly through use of the United States mail, which constituted a "pattern of racketeering activity" (Item 1, ¶ 4). Plaintiffs assert that defendants' actions deprived plaintiffs of Arco severance benefits, which were superior to ABC severance benefits. Plaintiffs' second claim arises under state law and alleges that plaintiffs' discharge constituted a breach of plaintiffs' alleged employment agreement.

All defendants have moved for dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(7). Defendants contend that plaintiffs' RICO claim should be dismissed because it fails to state a claim upon which relief can be granted and that plaintiffs' state law claim should be dismissed without prejudice, due to lack of federal jurisdiction.

For reasons discussed below, I grant the motions of all defendants.

Plaintiffs allege that before Arco sold its Metals Division to ABC, Arco told its employees affected by the sale, including plaintiffs, that they could quit and receive early severance benefits, or stay on and become employees of ABC. Plaintiffs allege that Arco told them that ABC would continue their employment with the same or better fringe benefits. Plaintiffs also allege that Arco promised that they would have 20 days' notice before the sale, but that the sale occurred without notice on September 6, 1985. ABC discharged all six plaintiffs a few days later (September 10–12, 1985).

Plaintiffs claim that the severance benefits they were offered by ABC are significantly inferior to what Arco offered before the sale. Furthermore, plaintiffs note that ABC conditions the provision of its benefits upon plaintiffs' signing a form generally releasing ABC from any other obligations or liabilities. Plaintiffs allege that that form, or a letter explaining it, was sent by the U.S. mail to each plaintiff. Plaintiffs have refused to sign the waiver and, to date, have been denied any benefits.

In sum, plaintiffs allege that they were "identified for termination by the defendants prior to the sale and were terminated after the sale with the purposeful intent to defraud ... [them] of their ... severance benefits." (Item 1, ¶ 24.) Plaintiffs allege that this "scheme and course of activity" (Item 1, ¶ 6) was conducted in part through mail fraud (the mailing by ABC of one letter to each plaintiff, indicating the necessity for signing the ABC release forms),

---

1. Defendant Buffalo Brass Company, Inc., is alleged to be the general partner in American Brass Company, L.P.

which is a predicate act constituting "racketeering activity" under 18 U.S.C. § 1961.

In order to state a claim under RICO, a plaintiff must allege the existence of seven constituent elements. These elements are:

(1) that the defendant (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce.

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984).

All defendants assert that plaintiffs' complaint fails to allege facts supporting the existence of the requisite "pattern of racketeering activity" or "enterprise" and that the complaint should therefore be dismissed for failure to state a claim.

In considering the motions of the defendants to dismiss, this court is bound by the general rule that a complaint should not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir.1985), *quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Since I find that plaintiffs cannot prove a set of facts which support the existence of a "pattern of racketeering activity"[2] within the meaning of RICO, I grant the motions of the defendants to dismiss on that ground, and address it only.

In *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the Supreme Court observed that Congress and the courts had failed to develop a "meaningful concept" of the pattern requirement of RICO. That failure, the Court stated, was a primary reason why "in its private civil [application], RICO is evolving into something quite different from the original conception of its enactors." *Id.*, 105 S.Ct. at 3287. The Court noted *in dicta* that while "two acts of racketeering activity" are necessary to form a pattern under RICO, they may not be sufficient. *Id.* at 3284 n. 14. The Court quoted at length from RICO's legislative history, which indicates that RICO requires not only more than one "racketeering activity," but also the threat of continuing activity. "The target of [RICO]," the Senate Report explained, "is ... not sporadic activity." Thus, it is "the factor of *continuity plus relationship* which combines to produce a pattern." *Id.* (*citing* Senate Report 91–617, 91st Cong., 1st Sess. 158, emphasis supplied by Supreme Court).

Numerous district courts since *Sedima* have focused on the Supreme Court's language in order to more clearly define the pattern requirement of RICO. The strong consensus of the courts, including several in this circuit,[3] has been that *Sedima's* "continuity" element requires that the predicate acts alleged to constitute a "pattern of racketeering activity" must have occurred in different criminal episodes *i.e.*, in transactions "somewhat separated in time and place." *Graham v. Slaughter*, 624 F.Supp. 222, 225 (N.D.Ill.1985) *citing United States v. Moeller*, 402 F.Supp. 49, 57–58 (D.Conn.1975). In this view, the alleged occurrence of two or more *related* predicate acts is a necessary but not sufficient basis for a RICO claim; the acts must also have occurred in different criminal epi-

---

**2.** 18 U.S.C. § 1961(5) defines "pattern of racketeering activity" as follows:

(5) "pattern of racketeering activity" requires at least two acts of racketering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity.

**3.** *See Frankart Distributors, Inc. v. RMR Advertising, Inc.*, 632 F.Supp. 1198 (S.D.N.Y.1986); *Modern Settings, Inc. v. Prudential Bache Securities, Inc.*, 629 F.Supp. 860 (S.D.N.Y.1986); *Utz v. Correa*, 631 F.Supp. 592 (S.D.N.Y.1986); *Anisfield v. Cantor Fitzgerald and Co., Inc.*, 631 F.Supp. 1461 (S.D.N.Y.1986); *Professional Assets Management v. Penn Square Bank*, 616 F.Supp. 1418 (D.C.Okl.1985), *Northern Trust Bank/O'Hare v. Inryco, Inc.*, 615 F.Supp. 828 (N.D.Ill.1985).

sodes, thereby denoting the threat of *continuing* criminal activity. This combination of "continuity plus relationship" (*Sedima, supra,* 105 S.Ct. at 3285 n. 14) is what constitutes a "pattern," and the absence of either element means there is no "pattern of racketeering activity." Thus, for example, two or more predicate acts committed in connection with a single business transaction or in the furtherance of an isolated scheme would not suffice to constitute a pattern.

In *Maussner v. McCormick,* 653 F.Supp. 131, (W.D.N.Y.1986), this court concurred that the foregoing represents a proper understanding of the "pattern" requirement of RICO. In *Maussner,* there was no "pattern of racketeering activity" because all the alleged predicate acts revolved entirely around a single transaction and denoted no threat of any continuing criminal activity. Similarly, in the instant case, the predicate acts alleged by plaintiffs revolve entirely around one transaction: the sale of Arco's Metals Division to ABC. The alleged predicate acts are clearly circumscribed in time and place: plaintiffs allege single mailings to each of the six plaintiffs, who were discharged within three days of one another from the same plant. The acts themselves are a repetition of one act, and denote no threat of any continuing criminal activity.

Plaintiffs apparently contend that they have alleged a "pattern" under RICO because in this action, there are "six separate plaintiffs on which six separate criminal acts were accomplished" (Item 10, p. 7). However, as noted, the critical issue for determining whether a "pattern" exists is not the number of acts or victims but rather whether the events were merely part of a single transaction or reflect continuing criminal activity. As the court stated in *Kredietbank N.V. v. Joyce Morris, Inc.,* No. 84–1903 (D.N.J. Jan. 9, 1986) [Available on WESTLAW, DCTU database]:

> Where a single criminal act is repeated against a second victim, or repeated in a time and place removed from its first commission, the two acts arguably suggest a design or configuration and may

satisfy the pattern requirement. But the repetition of an act taken against a single victim or set of victims following closely on the heels of the original wrong in some circumscribed circumstance, is completely unidimensional. It suggests no continuity, such as was the target of Congress in RICO. As the Supreme Court noted in *Sedima,* RICO is not concerned with such sporadic activity.

The predicate acts of mail fraud alleged by plaintiffs here do not suggest any "ongoing design" or "continuity." Plaintiffs have thus failed to allege a "pattern of racketeering activity" under RICO, and Count One of their complaint must be dismissed. Because Count Two of the complaint derives solely from state law, it is no longer pendent to any federal claim and must be dismissed, without prejudice to its reassertion in a court of competent jurisdiction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, the defendants' motions for dismissal of the complaint pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6) are granted.

So ordered.