**The STATE OF NEW YORK, on Behalf of itself and the City of Niagara Falls, a municipal corporation, Plaintiff,**

v.

**Donald O'HARA; Cecos International, Inc., formerly Newco Chemical Waste Systems, Inc.; Heavy Equipment Leasing Services Co., Inc.; and James H. Williams, Defendants.**

**No. CIV-83-1440C.**

United States District Court, W.D. New York.

Jan. 15, 1987.

Robert Abrams, Atty. Gen. of N.Y. (Susan Belgard, Asst. Atty. Gen., of counsel), Buffalo, N.Y., for plaintiff.

Borins Halpern (Harold M. Halpern, of counsel), Buffalo, N.Y., for defendant Donald O'Hara.

Wilmer, Cutler & Pickering (Andrew B. Weissman, of counsel), Washington, D.C., and Kavinoky & Cook (Arnold B. Gardner, and Randolph C. Oppenheimer, of counsel), Buffalo, N.Y., for defendants Cecos Intern., Inc., and Heavy Equipment Leasing Co., Inc.

Duke, Holzman, Yaeger & Radlin (Gregory P. Photiadis, of counsel), Buffalo, N.Y., for defendant Williams.

CURTIN, Chief Judge.

This action concerns allegedly fraudulent conduct by defendants in connection with contracts for remedial work at the Love Canal in Niagara Falls, New York. In a prior order of this court, dated October 22, 1984, 595 F.Supp. 1101, plaintiff's complaint alleging claims under the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. §§ 1961–68 [RICO] was dismissed in light of the Second Circuit cases of *Sedima, S.P.R.L. v. Imrex Company*, 741 F.2d 482 (2d Cir.1984), and *Bankers Trust Company v. Daniel Rhoades*, 741 F.2d 511 (2d Cir. 1984) (Item 77). Following the reversal of *Sedima* by the United States Supreme Court, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), this court's judgment was vacated and the case remanded for further proceedings (Item 83), 779 F.2d 36.

Plaintiff now moves to amend its original complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Defendants oppose and allege that plaintiff's motion to amend its complaint should be denied on several grounds and its complaint dismissed. Alternatively, defendants contend that plaintiff's amended complaint should be dismissed. Defendants' various arguments may be summarized as follows.

First, defendants allege that plaintiff's proposed amended complaint fails to meet at least three of the seven requirements of 18 U.S.C. § 1962(c). More specifically, defendants say that this complaint fails to allege: a) purported criminal conduct by the defendants that constitutes the required "pattern" of racketeering activity; b) an enterprise with which the defendants were "associated" at the time the alleged criminal acts occurred; and c) facts showing that the defendants "participated" in the affairs of the alleged enterprise through alleged criminal acts.

Second, defendants allege that a three-year statute of limitations bars plaintiff's RICO claims here.

Third, defendants contend that plaintiff cannot now avoid this statute of limitations infirmity by adding an allegation of fraudulent concealment to its proposed amended complaint. According to defendants, plaintiff has failed to plead the necessary elements of fraudulent concealment, or to provide the specificity required by Rule 9(b) for such allegations. Moreover, defendants say that in view of the facts alleged on the face of the proposed amended complaint, plaintiff cannot, as a matter of law, properly allege fraudulent concealment here. Finally, defendants urge that because plaintiff's new allegations of contract overcharges introduce a new set of "operational facts," they do not relate back to the original complaint pursuant to Rule 15(c). For all of the above reasons, defendants contend that plaintiff's amended complaint must be dismissed.

For their fourth argument, defendants urge that plaintiff is not entitled to the injunctive relief sought in its complaint, and that many of plaintiff's state law claims and claims for damages must be stricken or dismissed. All of these arguments will be discussed at greater length below.

The pertinent facts of this case can be summarized as follows. The original complaint in this civil RICO action alleged that defendant O'Hara misused his official position with the City of Niagara Falls and that defendants Williams, Cecos International, Inc. (formerly Newco Chemical Waste Systems, Inc. [Newco]), and Heavy Equipment Leasing Services Co. [HEL] unduly and improperly influenced defendant O'Hara by promising and conferring certain benefits on him while he served as City Manager of the City of Niagara Falls [the City] and while Newco was negotiating a contract with the City to clean up hazardous wastes at the Love Canal site.

The complaint also alleged that, shortly after contract negotiations were concluded and the contract was executed, defendant O'Hara left his employment with the City to work for companies affiliated with Newco and Williams. The gravamen of the complaint contended that defendants engaged in a scheme to defraud and that they effectuated this scheme through various mail frauds, Hobbs Act, and state law vio-

lations. The original complaint set forth nine separate acts of mail fraud, including: the August 1978 application sent by defendant O'Hara, as agent for the City, to the Federal Disaster Assistance Agency [FDAA], seeking disaster relief funds of the Love Canal cleanup; six separate mailings or reimbursement checks from the FDAA to the State, sent between March 1979 and March 1982; and two reimbursement checks sent by the State to the City in 1980. The amount of the reimbursement checks from the FDAA to the State and from the State to the City was based on claims submitted by Newco.

In its proposed amended complaint, the State alleges that the City, the State, and the FDAA were defrauded because Newco submitted bills for amounts it never incurred or expended and for excessively high material and labor costs and that Newco actively concealed these improper charges. The proposed amendments also allege, in addition to the Hobbs Act violations and nine acts of mail fraud, other fraudulent conduct, including communications designed to "lull" the State into believing the costs Newco had claimed were, in fact, *bona fide* expenses. *See* Item 87, Exh. 1 (attached to Exh. A).

### 1. The Rico Requirements Pursuant to 18 U.S.C. § 1962(c)

#### A. "A Pattern of Racketeering Activity"

This court has construed the RICO "pattern" requirement on two recent occasions. *Maussner v. McCormick*, 653 F.Supp. 131 (W.D.N.Y.1986); *Cefali v. Buffalo Brass Company, Inc.*, 653 F.Supp. 263 (W.D.N.Y. 1986). In both of these cases, this court acknowledged that it is the factor of *continuity plus relationship* which, when combined, produces a pattern within the meaning of RICO. In defining these latter terms, this court has followed the reasoning of the majority of the courts which have addressed the issue and found that *Sedima's* "continuity" element:

requires that the predicate acts alleged to constitute a "pattern of racketeering activity" must have occurred in different criminal episodes, *i.e.*, in transactions "somewhat separated in time and place." *Graham v. Slaughter*, 624 F.Supp. 222, 225 (N.D.Ill.1985), *citing United States v. Moeller*, 402 F.Supp. 49, 57–58 (D.Conn.1975). In this view, the alleged occurrence of two or more *related* predicate acts is a necessary but not sufficient basis for a RICO claim; the acts must also have occurred in different criminal episodes, thereby denoting the threat of *continuing* criminal activity. This combination of "continuity plus relationship" (*Sedima, supra* 105 S.Ct. at 3285 n. 14) is what constitutes a "pattern," and the absence of either element means there is no "pattern of racketeering activity." Thus, for example, two or more predicate acts committed in connection with a single business transaction or in the furtherance of an isolated scheme would not suffice to constitute a pattern.

*Cefali v. Buffalo Brass Company, Inc., supra* at 265–66. *Accord, Maussner v. McCormick, supra* at 133–35.

In addition to the above cases, this court is mindful of the recent Second Circuit case of *United States v. Ianniello*, 808 F.2d 184 (2 Cir.1986), which is not entirely consistent with our recent decisions. In *Ianniello*, the Second Circuit stated that "the inquiry as to relatedness and continuity is best addressed in the context of the concept of 'enterprise' expressed in section 1962(c), and to a lesser extent, the ten year requirement of section 1961(5)." *Id.* at 191. After reviewing the pertinent case law under section 1962(c), the court stated that "an enterprise" must be defined to be "a continuing operation and that the acts be related to the common purpose." Following from this, the court said that "an enterprise with 'a single purpose,' ... can provide the basis for a section 1962(c) violation" where that enterprise "had no obvious terminating goal or date...." *Id.* at 191–92.

In explicitly rejecting the view that a single scheme or episode cannot constitute a section 1962(c) "pattern," the court joined with other courts which have decided similarly. The court said:

> Other recent cases in the Southern District of New York reject the multiple episode requirement, contending that it goes beyond any requirement or legitimate implication of the *Sedima* footnote and provides a vague and unpredictable rule of decision. *See Bankers Trust Co. v. Feldesman,* [648 F.Supp. 17] No. 82 Civ. 5590 (WCC), slip op. at 17–20 (S.D.N.Y. Sept. 3, 1986); *see also Conan Properties, Inc. v. Mattel, Inc.,* 619 F.Supp. 1167, 1170–71 (S.D.N.Y.1985). We agree with [this] latter view on both counts. As *Sedima* makes clear, 105 S.Ct. at 3287, any further narrowing of RICO, however appropriate that may be, is a job for Congress, not the courts.

*Id.* at 192 n. 15. It went on to say.

> [W]e hold that when a person commits at least two acts that have the common purpose of furthering a continuing criminal enterprise with which that person is associated, the elements of relatedness and continuity which the *Sedima* footnote construes section 1962(c) to include are satisfied. In this regard, we note that a recent opinion of this court similarly construes *Sedima* footnote fourteen. *See United States v. Teitler,* 802 F.2d 606, 611–12 (2d Cir.1986).

*Id.* at 193.

■ In light of the language in *Ianniello,* this court now finds that plaintiff has adequately alleged a section 1962(c) "pattern" to avoid dismissal at this time. Plaintiff's complaint alleges a series of related racketeering activities which extended beyond the life of a single contract, albeit in furtherance of essentially one scheme. Therefore, defendants' present motion to dismiss on this ground is denied.

### B. "Employed by or Associated with Any Enterprise"

Defendants also allege that the plaintiff's RICO claim must fail for failure to show that they were "employed by or associated with" the City of Niagara Falls during the time the alleged illegal acts were done. 18 U.S.C. § 1962(c).

In response, plaintiff argues that, with respect to the corporate defendants, these defendants had prior contractual relationships with the City before the Love Canal contract through Newco's affiliates, Niagara Recycling and Newco Waste Systems. In addition, plaintiff says that the corporate defendants' association with the City actually began when they bid for the contract and, contemporaneously, entered into a corrupt agreement with the defendant City Manager.

■ I believe that the case of *United States v. Yonan,* 623 F.Supp. 881 (N.D.Ill. 1985), and the facts of the instant case support plaintiff's position. While *Yonan* states that "the phrase 'associated with' ... defines a status relationship between the person and the enterprise" which must be more than mere acts of racketeering activity, it is clear that a person may be "associated with" an enterprise even if one is outside the organizational structure of that enterprise. *Id.* at 833. As the *Yonan* court has found, "associates" must share the following two characteristics:

> 1. All have a relationship with the enterprise characterized by a stake or interest in the goals of the enterprise— legitimate or illegitimate.
>
> 2. All are associated with the enterprise as such, not merely with some other individual who is "employed by or associated with" the enterprise but is off on a frolic and detour of his or her own.

*Id.* at 884–85. I believe that plaintiff's proposed amended complaint brings defendants within the meaning of these definitions. Plaintiff's complaint states that before they were awarded the Love Canal contract, corporate defendants and defendant Williams had submitted bids which brought them into a relationship with the City and defendant O'Hara and within the ambit of RICO. I also believe that defendant O'Hara was sufficiently alleged to be

associated with the City and the other defendants during the time pertinent to this case to avoid dismissal of plaintiff's RICO claims on this ground now.

### C. "Conduct or Participate"

Finally, defendants allege that the basic premise of plaintiff's amended complaint—that a contractor "conducts the affairs" of the government when it defrauds the government in contract negotiations and performance—conflicts with Congress' intent in RICO, the common sense meaning of that language, as well as RICO case law.

■ I find this argument unpersuasive. As noted in *Virden v. Graphics One*, 623 F.Supp. 1417 (C.D.Cal.1985), RICO does not require defendants' participation in the "operation and management" of the enterprise's affairs. *Id.* at 1428. Instead, section 1962(c) only requires that defendants "conduct or participate directly or *indirectly* in the affairs of the enterprise...." I find that plaintiff's amended complaint sufficiently alleges defendants' participation in order to avoid dismissal on this ground at this time.

### 2. Statute of Limitations

Defendants also allege that plaintiff's RICO claims are barred on statute of limitations grounds because it did not file its RICO claims within three years of each injury to plaintiff, the time the various claims allegedly accrued. *Durante Bros. & Sons, Inc. v. Flushing National Bank*, 755 F.2d 239 (2d Cir.1985). *See also Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir.1984); *Bowling v. Founders Title Co.*, 773 F.2d 1175, 1178 (11th Cir.1985).

Plaintiff's original complaint was filed on December 21, 1983. With respect to the accrual dates pertinent here, defendants say that any RICO claim arising out of the award of the remedial contract to defendant Newco as a result of the purported unlawful conduct of defendant O'Hara necessarily accrued between September 1978 and January 1979. On this latter date, defendant O'Hara entered the employ of a Newco affiliate. With respect to the allegations added in the proposed amended complaint, defendants claim that all of the relevant acts must necessarily have occurred during the course of contract performance.

Moreover, defendants claim that plaintiff's amended complaint failed to allege fraud with the particularity required by Rule 9(b) of the Federal Rules. More specifically, defendants contend that plaintiff failed to allege the crucial dates on which Newco was paid for purportedly improper charges and that these may be important for determining the accrual dates for statute of limitations purposes. In fact, paragraph 39 of plaintiff's proposed amended complaint (Item 87, p. 17) reads:

> 39. Between October 1978 and March 1982, both dates being approximate, defendant Newco submitted to the City some 35 vouchers to be paid by the City and which, as defendant Newco was aware, would then be reimbursed by the State and by the FDAA. The vouchers included demands in excess of $1.6 million for a) payment of certain items at excessively high unit prices, b) payment of amounts which Newco had not incurred or expended and c) payment of other improper charges.

(Emphasis omitted).

According to defendants, this paragraph violated Rule 9(b) because it fails to adequately identify Newco's alleged fraudulent charges or the amounts of the charges, and fails to identify which of the 35 vouchers contained alleged fraudulent misrepresentations. Further, defendants say that plaintiff's reference to "excessively high unit prices" and "other improper charges" provide them with no guidance regarding the conduct being alleged.

In addition to the above, defendants claim that plaintiff was on notice of potential claims for fraud by defendants in July of 1980, when it completed an audit which suggested that there were over $1.6 million in overcharges. In any event, defendants say that the final reconciliation of payments under the contract occurred before

December 21, 1980. Therefore, defendants say that the injuries caused by whatever specific acts of defendants took place more than three years before the original complaint, and more than five years before the proposed amended complaint. Therefore, they allege that plaintiff's complaint must be dismissed pursuant to *Durante, supra.*

Defendants also contend that plaintiff failed to adequately allege fraudulent concealment in order to toll the statute of limitations. First, defendants state that plaintiff does not attempt to allege fraudulent concealment relating to the asserted improprieties surrounding the negotiations and award of the Love Canal contract. Second, with respect to plaintiff's alleged fraud-in-performance claim, defendants say that plaintiff fails to plead the necessary elements of fraudulent concealment, or to provide the specificity required in such allegations. Moreover, defendants say that in view of the facts stated on the face of the proposed amended complaint, plaintiff is unable, as a matter of law, to allege the grounds of fraudulent concealment.

Finally, defendants say that plaintiff's new allegations of contract overcharges do not relate back to the original complaint because they involve a new set of "operational facts" than those in the original complaint. Rule 15(c) of the Federal Rules of Civil Procedure. *Holdridge v. Heyer-Schulte Corp.,* 440 F.Supp. 1088, 1093 (N.D.N.Y.1977). More specifically, defendants say that the original complaint included allegations involving only the purportedly unlawful conduct of defendants O'Hara and Newco in connection with the award of the Love Canal contract, while the proposed amended complaint contains allegations relating to conduct involving certain billing charges stemming from the Love Canal contract. Defendants allege that because the proposed amended complaint was filed more than three years after these charges, plaintiff's proposed amended complaint must be dismissed on statute of limitations grounds.

In the face of these arguments, plaintiff responds as follows. First, plaintiff claims that *Durante* does not apply in the present case. Plaintiff claims that the *Durante* rule only applies to RICO cases involving the collection of an unlawful debt and not to cases under section 1962.

Instead, plaintiff argues that in keeping with RICO's mandate for " 'liberal interpretation to effectuate its remedial purpose,' " *United States v. Turkette,* 452 U.S. 576, 587, 101 S.Ct. 2524, 2531, 69 L.Ed.2d 246 (1981), this court should apply the New York State six-year statute of limitations period (CPLR § 213(8)) or borrow the five-year limitations period applicable in criminal RICO proceedings (Item 97, pp. 34–44).

Alternatively, plaintiff contends that even if the three-year limitations period of section 214(2) governs here, several of the allegations in its complaint bring this complaint well within the time period. *See, e.g., United States v. Dick,* 744 F.2d 546 (7th Cir.1984). In addition, plaintiff notes that its complaint alleges that defendant 1) actively concealed the facts regarding their overcharges and false billings by refusing to allow access to their records until approximately March of 1982; and 2) accompanied this concealment with verbal and written "lulling" assurances. *See* Item 87, Exh. 1 (attached to Exh. A). Given the above, plaintiff argues that these acts of fraudulent concealment tolled the running of the statute of limitations here. *United States v. Elkin,* 731 F.2d 1005, 1008–09 (2d Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984).

Plaintiff also takes issue with defendants on the proper accrual date in this action. Plaintiff claims that the accrual date in this case should run from March of 1982, the date the last reimbursement check was mailed, thus bringing to completion the RICO violation involved in this action, including the entirety of the pattern. *Cf., Durante, supra.* Further, plaintiff reiterates that it has sufficiently alleged fraud in the concealment of the predicate acts to indicate that it was not until early 1982 that it was able to get access to the information necessary to bring this action (Item 97, pp. 48–51).

Finally, plaintiff argues that its proposed amended complaint should properly relate back to the original complaint. It contends that defendants incorrectly argue that the original complaint dealt only with the original contract award. Instead, plaintiff says that the complaint also alleged a "scheme to defraud," which included the charges under the contract (Item 1, ¶¶ 1, 19, 28(c), and 39). Plaintiff also asserts that the proposed amended complaint satisfies Rule 9(b) with respect to the allegations of fraud. *See also* Item 97, Schedule A (which plaintiff says should be "deemed incorporated in paragraph 39 of the amended complaint") (Item 97, p. 55).

In review of the all of the above arguments, I find the following. First, this court believes that plaintiff's original complaint sufficiently alleged a "scheme to defraud" to allow the amended complaint to relate back to the date of the filing of the original complaint, December 21, 1983. I also find that the proper statute of limitations to be applied in civil RICO cases like the present one is the three-year limitations period under New York CPLR § 214(2). *Durante Bros. & Sons, Inc. v. Flushing National Bank, supra; Bankers Trust Co. v. Feldesman, supra,* and that this limitations period accrues on the date of each injury to plaintiff.

Therefore, I believe that there is a serious question of whether plaintiff can allege a proper civil RICO violation within the statute of limitations period. In order to aid this court in determining whether plaintiff has done so, I now direct that plaintiff file a second amended complaint, stating with particularity the dates upon which the alleged overcharges by defendants occurred. *See* Rule 9(b) of the Federal Rules of Civil Procedure. I also find that plaintiff has, for present purposes, adequately stated fraudulent concealment on the part of defendants to avoid dismissal at this time.

### 3. Equitable Relief and Damages

Finally, I decline at this time to rule on defendants' motion to strike certain aspects of plaintiff's complaint concerning equitable relief and damages sought.

In summary, I grant plaintiff's motion to amend its original complaint and, in fact, direct plaintiff to file a second amended complaint setting forth, with particularity, the dates of the alleged overcharges by defendants under the remedial contract. Defendants' motion to dismiss plaintiffs' amended complaint for failure to adequately plead a RICO violation is denied. Defendants' motion to dismiss plaintiff's amended complaint on statute of limitations grounds must also be denied, without prejudice, at this time. I find that plaintiff has adequately pled fraudulent concealment to avoid dismissal for the present time. Finally, this court presently declines to rule on defendants' motion to strike certain aspects of plaintiff's complaint concerning certain equitable relief and damages sought. The second amended complaint shall be filed not later than February 12, 1987.

So ordered.