**SYBEDON CORPORATION, Plaintiff,**

v.

**Jeffrey B. MENDELL and JBM Realty Capital Corp., Defendants.**

**No. 86 Civ. 2721–CSH.**

United States District Court, S.D. New York.

Oct. 22, 1986.

---

Stroock & Stroock & Lavan, New York City, for plaintiff; Amy Klein, of counsel.

Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, New York City, for defendants; Gregor F. Gregorich, of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

According to its complaint, plaintiff Sybedon Corporation engages in a wide variety of real estate activities. In January 1984 Sybedon employed the individual defendant, Jeffrey B. Mendell, as a vice-president. Mendell agreed to devote his full time and exclusive services to Sybedon. Instead, he and the corporate defendant JBM Realty Capital Corp., of which Mendell is president and controlling shareholder, devised and executed a fraudulent scheme to divert Sybedon's business for defendants' profit. Specific transactions in furtherance of that scheme involved mail and wire communications.

All parties are from New York. There is no diversity of citizenship. The sole basis for federal subject matter jurisdiction is the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1961 *et seq.*, in particular its provision for civil remedies. § 1964(c). The alleged predicate acts are mail fraud, 18 U.S.C. § 1341, and wire fraud, § 1343. Various common law claims are asserted under pendent jurisdiction.[1]

Defendants now move to dismiss the complaint under Rule 12(b)(1) and (c) and Rule 9(b), F.R.Civ.P.

I need not consider the sufficiency of the fraud pleading under Rule 9(b) if it is apparent that the complaint does not state a viable civil RICO claim.

I construe the complaint liberally in favor of plaintiff, taking the facts alleged as true, and mindful that defendants' motion must be denied if a claim has been pleaded. *Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Nonetheless, I conclude that the complaint does not, and in the circumstances could not, allege a "pattern of racketeering activity" under RICO. Accordingly, the complaint will be dismissed, without prejudice to the assertion of plaintiff's claims in those state courts which constitute the proper forum.

---

1. The first claim for relief is against both defendants for common law fraud; the second is against Mendell only for breach of fiduciary duty; the third is against Mendell only for civil RICO violation; the fourth is against both defendants for civil RICO violation; the fifth is against Mendell only for civil RICO violation; the sixth is against both defendants for civil RICO violation; the seventh is against both defendants for unfair competition; the eighth is against Mendell only for theft of corporate opportunity; the ninth is against both defendants for tortious interference with pre-contractual relationships; the tenth is against both defendants for breach of the employment agreement; the eleventh is against both defendants for declaratory relief and the imposition of a constructive trust; and the twelfth is against both defendants for an accounting.

This is a breach of contract action. If Mendell's actions alleged in the complaint legally wronged Sybedon, it is only because Mendell breached a particular condition—apparently oral, no written agreement is presented—of his employment by Sybedon. That condition was that Mendell would "devote his full time and exclusive services to the affairs of Sybedon," Complaint at ¶ 11, which Mendell fraudulently breached by a course of repeated self-dealing.

In order to be liable in a civil matter under the RICO statute, a defendant must (1) participate (2) in the affairs of an "enterprise" (3) through a "pattern" of (4) "racketeering activity." Under 18 U.S.C. § 1961(5), a "pattern of racketeering activity" includes at least two acts of racketeering activity, and "racketeering activity" is defined in § 1961 as any act, including mail or wire fraud, which is "indictable" under certain enumerated federal criminal statutes.

The provision in RICO for civil remedies, holding out its intoxicating prospect of treble damages, has led to one of the legal phenomena of our age: invocation of RICO in a flood of civil cases. Courts have erected dikes of statutory construction to stem that flood; but those fashioned by the Second Circuit were dismantled by a 5–4 majority of the Supreme Court in *Sedima, S.P.R.C. v. Imrex Company, Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Nonetheless, the Court in *Sedima* recognized "that, in its private civil version, RICO is evolving into something quite different from the original conception of its enactors," a contributing factor being "the failure of Congress and the courts to develop a meaningful concept of 'pattern.'" 105 S.Ct. at 3287. The *Sedima* Court itself dealt with "pattern" in a non-definitive footnote, *id.* 105 S.Ct. at 3285 n. 14. Many post-*Sedima* decisions in the lower federal courts have struggled to define "pattern of racketeering activity," and to understand what light, if any, the Supreme Court shed in *Sedima*'s 14th footnote.

The copious citations by the parties at bar of cases both reported and unreported persuade me that they cannot all be reconciled. But I am also persuaded that "[i]n this district, a single fraudulent scheme, though composed of numerous predicate acts, will not suffice to constitute a 'pattern' under RICO." *225 Broadway Co. v. Sheridan*, 85 Civ. 9231 (S.D.N.Y., decided April 30, 1986) (Goettel, J.) at slip op. 6 (citing cases) [Available on WESTLAW, DCTU database]. Other compendia of authority may be found in *Frankart Distributors, Inc. v. RMR Advertising, Inc.*, 632 F.Supp. 1198 (S.D.N.Y.1986) (Tenney, J.) and *Soper v. Simmons International, Ltd.*, 632 F.Supp. 244 (S.D.N.Y. 1986) (Sand, J.). Under these cases, myriad separate mailings in aid of a single fraudulent scheme do not state a viable civil RICO claim. There is authority to the contrary, even in this district, see *Frankart, supra*, at 1200 n. 4,[2] but I ally myself with the considerable majority of the judges of this

---

**2.** While Sybedon relies on Judge Sweet's opinion in *Rush v. Oppenheimer*, 628 F.Supp. 1188 (S.D.N.Y.1985), I am not at all sure that this case is contrary to the general rule articulated by Judge Goettel in *225 Broadway Co., supra.* The plaintiff in *Rush*, an investor, sued his brokerage company and registered representative for various violations of the federal securities laws and regulations. He added a civil RICO claim. Judge Sweet acknowledged *Sedima*'s casting of doubt "on the continued validity of cases which carve one criminal episode into multiple predicate act 'pieces' and allege a 'pattern' within the meaning of the statute." 628 F.Supp. at 1199. He also referred to pre-*Sedima* Second Circuit authority which "had begun to question the appropriateness of holding that a 'pattern' can be comprised of predicate acts seg-

ments of one criminal project," citing *United States v. Weisman*, 624 F.2d 1118, 1123 (2d Cir.1980), and *United States v. Young*, 745 F.2d 733, 767 n. 1 (2d Cir.1984). *Ibid.*

Having stated these principles, which are tailor made to the case at bar, Judge Sweet went on in *Rush* to conclude that plaintiff's several allegations of securities law fraud were sufficiently "discrete," *id.* at 1200, to satisfy a pattern of racketeering activity under RICO. With respect, Judge Sweet's conclusion strikes me as doubtful; but I need not formally disagree with him because the cases are different. *Rush* involved different kinds of activity violative of the federal securities laws. The complaint at bar, while alleging four RICO claims, arises from the same activity, in breach of a single contract.

Court who have addressed the issue. *Frankart* and *Soper*, which rejected civil RICO claims, are particularly instructive because, like the case at bar, they arise out of claimed breaches of a single contract.

But Sybedon argues that the Second Circuit swung the pendulum definitively the other way in *United States v. Teitler*, 802 F.2d 606 (2d Cir.1986). I do not agree. *Teitler* was an appeal from a criminal RICO conviction. The Second Circuit rejected defendants' contention that *Sedima*'s footnote 14 entitled them to an instruction that the jury "had to find *at least* two and possibly more acts of racketeering activity." At 611 (emphasis in original). The pattern of racketeering activity proved at trial "included the creation of false documents and the encouragement of perjury by [a law] firm's clients in order to inflate their injuries and expenses so as to obtain better settlements from insurance companies," *id.* at 609.

The holding in *Teitler* is not germane to the present issue, and its factual context is quite different. The fraudulently scheming lawyers in *Teitler* victimized a series of insurance companies, and were clearly prepared to go on doing so. This is the quintessential "pattern of racketeering activity" targeted by RICO. In the case at bar, there is a single plaintiff, a single defendant for practical purposes (Mendell and his corporation count as one for this analysis), a single contract, and a relationship which has now terminated, thereby putting paid to "any threat of continuing activity," a factor militating in favor of dismissal of a RICO claim. *Frankart* at 1201.

In the case at bar, on plaintiff's theory of the case all the defendants' challenged acts violate a single contractual promise against self-dealing. The complaint alleges no more than a series of "ministerial acts performed in the execution of a single [allegedly] fraudulent scheme," *Soper, supra,* at 254 (citing cases). Under the prevailing weight of authority, that is insufficient to state a federal civil RICO claim. At this early stage of the litigation, I also dismiss the state and common law claims asserted

under pendent jurisdiction. *Savasanto v. Thompson Medical Co., Inc.,* 640 F.Supp. 1081 (S.D.N.Y.1986) (Sand, J.), citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) and *Nolan v. Meyer,* 520 F.2d 1276, 1280 (2d Cir.1975).

### CONCLUSION

The complaint does not allege a pattern of racketeering activity under RICO. There is no basis for federal subject matter jurisdiction. I reach no other question raised by the motion papers.

The Clerk of the Court is directed to dismiss the complaint for lack of subject matter jurisdiction.

It is SO ORDERED.