**In re The EVENING NEWS ASSOCIATION TENDER OFFER LITIGATION.**

This Document Relates To:

The COAST GUARD ACADEMY FOUNDATION, INC., Plaintiff,

v.

The EVENING NEWS ASSOCIATION, et al., Defendants.

No. 86–CV–72369.
Master File No. 85–CV–74843.

United States District Court, E.D. Michigan, S.D.

Aug. 20, 1986.

Charles A. Dean, Birmingham, Mich., and William F. Looney, Jr., Boston, Mass., for plaintiff.

Philip J. Kessler, Detroit, Mich., and John B. McCrory, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

This is one of six consolidated cases in which plaintiffs claim that The Evening News Association ("ENA") and its directors violated state and federal laws by purchasing plaintiffs. ENA shares pursuant to a tender offer of $250 per share. The Coast Guard Academy Foundation ("Foundation") alleges that defendants violated Title IX of the Organized Crime Control Act of 1970 (commonly known as the Racketeer Influenced and Corrupt Organizations Act, or "RICO"), 18 U.S.C. §§ 1961–1968, by sending the Foundation three letters during December, 1984 in a successful bid for the Foundation's one thousand ENA shares.[1] The Foundation is the only plaintiff alleging a RICO violation. Defendants move to dismiss the claim.

RICO liability is predicated on a "pattern of racketeering activity," 18 U.S.C. § 1962(a)-(c), which "requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Even though the Foundation is admittedly challenging only one securities transaction, it claims to have satisfied the pattern requirement by treating

---

**1.** The Foundation alleges "[o]n information and belief" that defendants sent three related letters during the first six months of 1985 to ENA shareholders. (Amended Complaint ¶¶ 27(d)- (f), 28(d)-(f), 29(d)-(f) ). Since the Foundation was not a shareholder after December, 1984, it did not receive the letters.

each of the three letters it received from ENA as a separately indictable mail fraud under 18 U.S.C. § 1341.

 I hold that a "pattern of racketeering activity" requires more than a single episode of racketeering activity even if the episode consists of more than one indictable act. The Foundation's interpretation transforms "garden variety" frauds and many commercial disputes into RICO cases, and flouts the purpose of Congress in enacting RICO "to seek the eradication of organized crime in the United States ... [and] to deal with the unlawful activities of those engaged in organized crime." Organized Crime Control Act of 1970, Pub.L. No. 91–452, 1970 U.S.Code Cong. & Ad. News 1073 (84 Stat. 922, 923).

In *Sedima v. Imrex*, — U.S. —, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985), the Supreme Court invited a rigorous interpretation and application of the pattern requirement:

> The implication [of RICO's definition of a "pattern of racketeering activity"] is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern."

Courts have accepted the invitation. In *Modern Settings v. Prudential-Bache Securities*, 629 F.Supp. 860 (S.D.N.Y.1986), plaintiffs alleged securities fraud and a RICO violation based on defendants' liquidation of plaintiffs' account. The court dismissed the RICO claim:

> Plaintiffs insist that this liquidation—consisting of the sale of various government-backed mortgage instruments and other securities—constitutes a "pattern of racketeering activity" [but] we have no difficulty in finding that this single episode of fraud ... is no pattern. *Each of the multiple sales involved in the liquidation may indeed violate the securities laws; however, each is but part of a single transaction.*

> ... *There is no pattern of racketeering activity in the liquidation alone, regardless of the number of sales required to consummate it.*

*Modern Settings*, 629 F.Supp. at 864 (emphasis added). *See also Superior Oil v. Fulmer*, 785 F.2d 252, 254–57 (8th Cir.1986) (reversing judgment for plaintiffs on a RICO claim where predicate acts proved were all part of a single fraudulent scheme); *Northern Trust Bank v. Inryco*, 615 F.Supp. 828, 831 (N.D.Ill.1985) (allegation of two mailings pursuant to a single scheme does not state a RICO claim because " 'pattern' ... presumes repeated criminal *activity*, not merely repeated *acts* to carry out the *same* criminal activity.") (emphasis original); *McIntyre's Mini Computer Sales Group v. Creative Synergy*, 644 F.Supp. 580, 585 (E.D.Mich.1986) (Pratt, J.) (dismissing RICO claim where alleged predicate acts were all part of "the same criminal episode or transaction"); *Zahra v. Charles*, 639 F.Supp. 1405, 1409 (E.D. Mich.1986) (Pratt, J.) (same). *But cf. R.A.G.S. Couture v. Hyatt*, 774 F.2d 1350, 1355 (5th Cir.1985) (after noting that the District Court did not consider the issue, and without considering whether the alleged predicate acts were part of a single transaction, the Court holds that two allegedly fraudulent mailings can form a RICO pattern).[2]

Accordingly, defendants' motion to dismiss the Foundation's RICO claim is GRANTED.

IT IS SO ORDERED.

---

**2.** Several Courts have criticized or rejected *R.A. G.S. See Papagiannis v. Pontikis*, 108 F.R.D. 177, 179 n. 3 (N.D.Ill.1986); *Soper v. Simmons International*, 632 F.Supp. 244, 250–54 (S.D.N.Y. 1986); *Torwest DBC v. Dick*, 628 F.Supp. 163, 167 (D.Colo.1986).