Richard and Marlene STEWART, Plaintiffs,

v.

MURLAS COMMODITIES, INC., and Howard Farber, Defendants.

Civ. A. No. 87–72696.

United States District Court, E.D. Michigan, S.D.

April 15, 1988.

C. Thomas McCarter, Merritt W. Green, II, Toledo, Ohio, for plaintiffs.

Peter B. Kupelian, Southfield, Mich., for defendants.

MEMORANDUM OPINION
AND ORDER

FEIKENS, District Judge.

Plaintiffs are husband and wife who hired defendants to make certain commodities investments on behalf of plaintiffs. Plaintiffs are residents of Ohio. Defendants are Murlas Commodities, a Chicago-based trading company, and Howard Farber, an employee of Murlas who operated from Southfield, Michigan at the time the events leading to this suit arose. Plaintiffs dealt with Farber through telephone calls and mailed documents. Farber, in turn, obtained approval for and completed transactions by calling or corresponding with Murlas' headquarters in Chicago.

Plaintiffs were disappointed with the results of the trading arrangement, which lasted eleven months, and filed a multi-issue suit. They allege violations of the Racketeer Influenced and Corrupt Organizations Act (commonly known as "RICO") under Title IX of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961 through 1968. Additionally, plaintiffs allege violations of the Commodity Exchange Act (generally Chapter 1 of Title VII), violations of the Michigan Uniform

Securities Act (M.C.L.A. §§ 451.501 to 451.-818, M.S.A. §§ 19.776(101) to (418)), fraud in the inducement, mail and wire fraud, misrepresentation, and breach of fiduciary duty.

■ Under the RICO complaint, plaintiffs specifically charge defendants with fraud in the inducement, misrepresentation, unauthorized trades, excessive commissions and churning to the extent of some thirteen unnecessary trades.

As part of the trading agreement, plaintiffs signed a "Customer Agreement" form which contained a venue selection clause.[1] That clause provides that all actions arising from the trading relationship are to be brought in a court sitting in Illinois. Defendants have moved to enforce the venue selection clause and for transfer to the federal court sitting in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).[2]

Plaintiffs assert that RICO forum provisions (18 U.S.C. § 1965(a))[3] should control and allow proper venue to remain with this court sitting in Michigan as Murlas had an agent, Farber, operating in Michigan.

I now examine the sufficiency of plaintiffs' RICO claim only for the purpose of determining whether or not to enforce the forum selection clause of the Customer Agreement.

Liability under RICO requires a "pattern of racketeering activity," 18 U.S.C. § 1962(a)–(c), which in turn requires "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Plaintiffs complain of only one investment trading arrangement. They attempt to establish the requisite pattern of activity by alleging that defendants perpetrated some thirteen acts of churning, instances of mail and wire fraud, and misrepresentations during the term of the one commodities trading relationship between the parties.

As I have noted in prior opinions, "This attempt to transform one unsuccessful investment into a RICO claim flouts the purpose of Congress in enacting RICO to seek eradication of organized crime in the United States ... [and] to deal with the unlawful activities of those engaged in organized crime." Organized Crime Control Act of 1970, Pub.L.No. 91–452, 1970 U.S. Code Cong & Admin.News 1073 (84 Stat. 922, 923). *See Millers Cove Energy Co. v. Domestic Energy Service,* 646 F.Supp. 520 (E.D.Mich.1986), and *In re Evening News Association Tender Offer Litigation,* 642 F.Supp. 860 (E.D.Mich.1986). *See also United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981).

1. The Customer Agreement forum selection clause reads as follows:

 32. This Agreement and any and all actions related to this Agreement, your account or accounts with Murlas or any transactions covered hereby shall be governed by the laws of the State of Illinois, except where pre-empted by federal law, and may at the discretion and election of Murlas be litigated only in a state or federal court or before the Commodity Futures Trading Commission pursuant to reparations procedures or before the National Futures Association pursuant to its arbitration procedures within Chicago, Illinois, or before other tribunals, courts, arbitration boards or panels or other governmental bodies having jurisdiction over the subject matter of the controversy, within the City of Chicago, Illinois, and you hereby consent to the jurisdiction and venue of such courts, tribunals, boards, panels, and bodies. You waive any right you would otherwise have to transfer or change the venue of any such litigation brought against you by Murlas. You will not remove any action brought by Murlas in state court to federal court without obtaining Murlas' written permission to do so. You will transfer, upon Murlas' demand, any such proceeding to Chicago, Illinois.

2. Section 1404(a) states:

 (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

 Section 1406(a) states:

 (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3. The RICO venue provision reads as follows:

 (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

Plaintiffs do not assert any organized crime connection in the trade arrangement with defendants.

The RICO statute requires "more than a single episode of racketeering activity even if the episode consists of more than one indictable act." *Id.* Plaintiffs allege no more than a number of events within one investment venture with defendants.

In *Sedima, S.P.R.L. v. Imrex,* 473 U.S. 479, 496 n. 14; 105 S.Ct. 3275, 3285 n. 14; 87 L.Ed.2d 346, 358 n. 14 (1985), the Supreme Court encouraged a rigorous examination of the "pattern of racketeering activities" requirement:

> The implication [of the RICO definition of a pattern of racketeering activities] is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern."

Courts in the Sixth Circuit have generally followed the lead of the Supreme Court. *See, e.g., National Business Funding, Inc. v. Custom Muffler Specialists, Inc.,* 675 F.Supp. 1080 (E.D.Mich.1987); *Millers Cove Energy Co. v. Domestic Energy Service, supra; McIntyre's Mini Computer v. Creative Synergy Corporation,* 644 F.Supp. 580 (E.D.Mich.1986); *In re Evening News Association Tender Offer Litigation, supra; Zahra v. Charles,* 639 F.Supp. 1405 (E.D.Mich.1986); *Furry v. First National Monetary Corporation,* Slip op., case number 84–4993 (E.D.Mich. August 18, 1986); and *Barris v. Farmer,* Slip op., case number 83–1874 (E.D.Mich. November 17, 1986). *But see Snider v. Lone Star Art Trading Co., Inc.,* 659 F.Supp. 1249 (E.D.Mich.1987) (denial of defendant's motion to dismiss a civil RICO claim involving one alleged fraudulent scheme in six sales of art work) *reconsideration denied,* 672 F.Supp. 977 (E.D.Mich. 1987), and *Omega Construction Co., Inc. v. Altman,* 667 F.Supp. 453 (W.D.Mich. 1987) (no dismissal of civil RICO claims involving one alleged scheme of fraud and failure to perform contracts for the construction of various apartment projects).

In light of the established caselaw and the facts of this matter, I find no basis for a RICO claim of sufficient strength to justify my retaining jurisdiction under the RICO forum clause. Plaintiffs allege no more than a series of transactions in one investment account over an eleven-month period. The allegations of churning and trades made without authorization may not be actionable in this type of trading arrangement. Only general assertions of fraud in the inducement and any misrepresentation have been made. On the facts before me, plaintiffs' ability to sustain a valid civil RICO claim is not so likely as to be probable and does not compel me to override the venue selection agreement between the parties.

 The parties have an agreement purporting to require that actions arising out of their trading relationship be brought in Illinois. Forum selection clauses are prima facie valid and should be enforced unless they can be shown to be unreasonable under the circumstances of the case. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Plaintiffs chose to file in federal court and the matter will remain in federal court when transferred to Illinois. My preliminary examination of the civil RICO claim in this case does not preclude consideration of plaintiffs' entire case following transfer. I preliminarily scrutinized the elements of the RICO claim only to determine whether this case ought better to be tried in Illinois as the parties agreed or in Michigan where the suit orginated. Transfer of this case to the federal court sitting in the Northern District of Illinois does not, therefore, prejudice plaintiffs' claims. Transfer of this matter pursuant to the venue selection clause of the customer agreement signed by plaintiffs is proper.

Accordingly, IT IS ORDERED that defendants' motion to transfer is GRANTED and this matter is transferred pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).